IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICAH JEFFERSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANTHONY WILLS, JOHN DOE #1 GALLERY OFFICER, JOHN DOE #2 SERGEANT,<br><br>　　　　Defendants. | Case No. 25-cv-424-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　　Plaintiff Micah Jefferson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Jefferson alleges that Defendants were deliberately indifferent to his asthma in violation of the Eighth Amendment.

　　　This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On May 29, 2023, Jefferson submitted an emergency grievance about issues with his breathing (Doc. 1, p. 8). Prior to that grievance, he had written multiple request slips to both the warden, Anthony Wills, and the healthcare unit to see a nurse about his breathing troubles (*Id.*). Although Wills deemed his grievance an emergency, Jefferson still did not receive medical care (*Id.*). He continued to write request slips directly to Anthony Wills requesting to be seen in the healthcare unit due to increasing difficulties with his breathing. Wills ignored his requests (*Id.*).

On July 5, 2023, during the 11:00 p.m. to 7:00 a.m. shift, the officer on duty for East Cellhouse, 10 gallery, cell 7, conducted count of the gallery (Doc. 1, p. 8). Jefferson stopped the officer, labeled John Doe #1, and stated that he could not breathe due to an asthma attack (*Id.*). John Doe #1 responded that Jefferson was talking so he must be able to breathe (*Id.*). He walked away. An hour later, John Doe #1 again approached Jefferson's cell while collecting mail (*Id.*). Jefferson again indicated that he was having an asthma attack, and his symptoms were getting worse (*Id.*). He asked John Doe #1 to call a nurse so that he could receive breathing treatments (*Id.*). John Doe #1 again stated that he was not having breathing issues if he was able to talk (*Id.*). He told Jefferson not to stop him again unless he was "deader than a doorknob" (*Id.*).

At some point during the same shift, Jefferson spoke to the cellhouse sergeant, John Doe #2, and explained that he was having an asthma attack and needed to go to the healthcare unit for a breathing treatment (Doc. 1, p. 10). John Doe #2 told Jefferson to stop taking his asthma medication and he would send Jefferson to the healthcare unit in the

morning, if he was not dead by then (*Id.*). The officer noted that if Jefferson was dead then he would not know that he had missed his appointment (*Id.*). Jefferson pleaded with John Doe #2, noting that he was having increasing difficulties with his breathing (*Id.*). John Doe #2 told him to talk to the nurse who would be on duty in three hours and to "take deep breaths" (*Id.*).

Three hours later, both John Doe #1 and John Doe #2 approached Jefferson's cell and cuffed him with his hands behind his back (Doc. 1, pp. 8, 10). Although Jefferson told them that having his hands behind his back made it even more difficult to breathe, the officers forced him to walk down five flights of stairs with his hands cuffed behind his back (*Id.*). While walking down the stairs, Jefferson passed out from his asthma attack (*Id.* at p. 8).

As a result of his asthma attack, Jefferson had to be air-lifted to an outside hospital and intubated (Doc. 1, pp. 8, 10). The attack was nearly fatal, and Jefferson was subject to chest compressions from medical staff. He suffered from rib and abdomen pain from the compressions. He still has numbness in his left arm where the IV was kept in his arm while in the hospital (*Id.*). He has been prescribed physical therapy due to the numbness in his arm (*Id.* at p. 10). Jefferson alleges that his near fatal asthma attack and the resulting injuries could have been avoided if medical care had been provided to him earlier (*Id.* at pp. 8, 10).

Jefferson further alleges that Anthony Wills retaliated against him because of the numerous grievances he wrote about his medical treatment (Doc. 1, p. 8). He alleges that Wills allowed Jefferson's commissary items to be stolen while Jefferson was in restrictive

3

housing (*Id.*). Wills also upheld C grade sanctions issued against Jefferson despite the Administrative Review Board ordering that the sanctions be removed (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against John Doe #1 and John Doe #2 for refusing and delaying medical care for Jefferson's asthma attack.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Anthony Wills for failing to obtain medical care for Jefferson's breathing issues.**
>
> **Count 3:** **First Amendment claim against Anthony Wills for upholding discipline and allowing Jefferson's property to be stolen in retaliation for Jefferson's grievances about his medical care.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Jefferson states viable claims for deliberate indifference in Counts 1 and 2. He alleges that John Doe #1 and John Doe #2 failed to timely provide him with care during his asthma attack. When they finally did attempt to escort him to the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

healthcare unit, they placed Jefferson's hands behind his back, despite Jefferson's protests that he was experiencing difficulties breathing. Jefferson adequately alleges that John Doe #1 and John Doe #2 were deliberately indifferent to his need for care on July 5, 2023. Jefferson also alleges that he informed Anthony Wills about issues with his breathing, starting on May 29, 2023, and leading up to his July 5 asthma attack. Despite his continued written requests to Wills for care, Jefferson was not provided with any medical care until his near fatal asthma attack on July 5. Thus, Jefferson also adequately alleges that Anthony Wills acted with deliberate indifference to his need for medical care.

Jefferson fails, however, to state a retaliation claim against Anthony Wills. In order to state a retaliation claim, a plaintiff must allege that he engaged in protected activity, "suffered a deprivation likely to deter such activity," and the "First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Although Jefferson alleges that he wrote grievances about his asthma treatment, he fails to allege that the grievances were a motivating factor in Wills's actions. Further, he fails to allege that Wills was even aware that his property was stolen. Thus, Jefferson fails to allege a retaliation claim, and Count 3 is **DISMISSED without prejudice**.

## Motion for Counsel

In addition to his Complaint, Jefferson also filed a motion for counsel (Doc. 3). Jefferson notes that he has written multiple lawyers, but his requests have been ignored or denied. He notes that he has some college education but no medical training or knowledge about the issues surrounding his case. But given the early stage of the

litigation process, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, there is nothing currently pending that would require counsel. Once Defendants have been served and file their Answers, the Court will enter a scheduling order setting forth the next steps in the litigation process. If Jefferson experiences difficulties in litigating the case at that point, he may submit another request for counsel. At this time, his motion is **DENIED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against John Doe #1 and John Doe #2. Count 2 shall proceed against Anthony Wills. Count 3 is **DISMISSED without prejudice**. Anthony Wills also remains in the case (in his official capacity) to respond to discovery aimed at identifying the John Does.

The Clerk of Court shall prepare for Anthony Wills (individual and official capacities): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Wills's place of employment as identified by Jefferson. If Wills fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

sent, the Clerk shall take appropriate steps to effect formal service on Wills, and the Court will require Wills to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Wills can no longer be found at the work address provided by Jefferson, the employer shall furnish the Clerk with Wills's current work address, or, if not known, Wills's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Wills is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Wills need only respond to the issues stated in this Merit Review Order**.

Because Jefferson's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Jefferson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Jefferson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: May 13, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**